UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 13, 2020

Desha Jackson, Esq.
Desha Jackson Law Group LLC
100 Willowbrook Drive, Suite 250
Freehold, NJ 07728
*Attorney for Plaintiff*

Susan Millenky, Esq.
U.S. Attorney's Office for the District of NJ
970 Broad St., Suite 700
Newark, NJ 07102
*Attorney for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Grant v. United States Post Office et al.*
Civil Action No. 19-9107 (SDW) (LDW)

Counsel:

Before this Court is Defendants United States Post Office, Post Master General,[1] Fred Hrinuk, Martin Israel, Emilio Milito, Deborah Smith, and Anthony Merlino's (collectively, "Defendants") Motion to Dismiss (D.E. 12) Plaintiff Margaret Grant's ("Plaintiff") Complaint (D.E. 1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). This Court, having reviewed the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, **GRANTS** Defendants' Motion and gives Plaintiff thirty (30) days to file an amended complaint.

## DISCUSSION

A. Background

---

[1] Defendants United States Post Office and Post Master General are hereinafter referred to as U.S. Postal Service and Postmaster General, respectively.

1. Factual Background

Plaintiff is an African American woman over the age of forty who was employed by the U.S. Postal Service for 26 years. (Compl. ¶ 1 (Parties), ¶ 11 (Statement of Facts).)[2] In July 2010, the agency notified employees at its West Jersey Processing & Distribution Center that the location would close and provided them with bid sheets listing agency positions available elsewhere and their requirements. (*See id.* ¶ 15.) Plaintiff alleges that the manager responsible for the bid sheets, Fred Hrinuk, omitted necessary information, including testing requirements. (*Id.* ¶¶ 16–17.)

Plaintiff became the senior bidder for a bulk mail position in Rahway, New Jersey. (*Id.* ¶ 17.) According to Plaintiff, the bid sheet for the position stated that bidders would need to test for the job but said nothing about the consequences of failing that test. (*Id.* ¶¶ 17–19.) The Complaint alleges that a supervisor, Martin Israel, told Plaintiff that the bulk mail job required a typing test, but Plaintiff was instead given a data entry test, without any preparation materials provided in advance. (*Id.* ¶¶ 21–25.) When she failed the test on March 31, 2011, she learned that she could be terminated for failing. (*Id.* ¶¶ 25–26.) Plaintiff then wrote to the Postmaster General, several elected government officials, and the Equal Employment Opportunity Commission ("EEOC") about "what was happening to her." (*Id.* ¶ 27.)

Plaintiff alleges that in or around May 2011, Mr. Hrinuk and other supervisors disliked her report to the Postmaster, with Mr. Hrinuk calling Plaintiff to state, "I advise you to take the Hillsborough window position or else be out on the street and I will see to it." (*Id.* ¶¶ 28–32.) At the time, Plaintiff alleges, there were 12 vacant jobs in Rahway, NJ, including her preferred position. (*Id.* ¶¶ 34, 53.) Plaintiff claims Mr. Hrinuk and Deborah Smith (a labor relations manager) harassed her by sending her emails at midnight, threatening her in response to her writing campaign, and stating that "they did not want her in the Rahway facility because she lawfully complained to her employer." (*Id.* ¶¶ 62–63.) Plaintiff also alleges that "[m]anagement conspired with the employees to discriminate against Plaintiff and allowed a petition to circulate the building which only white and Indian people signed against Plaintiff." (*Id.* ¶¶ 64–65.) Plaintiff does not state the content of this petition.

The Complaint alleges that, in retaliation for complaining to officials and the EEOC, Plaintiff was denied the opportunity to bid for another position, denied the opportunity to work on standby, and inaccurately told that there was no work in the Rahway office when in fact there were 12 vacancies. (*Id.* ¶¶ 45–50.) Plaintiff was terminated on April 23, 2013, allegedly because she failed the first test for the bulk mail job. (*See id.* ¶¶ 36–38, 68.)[3] The Complaint lists four employees who were not terminated after failing the same exam but does not allege their races or ages. (*Id.* ¶¶ 38, 44.) Plaintiff claims that the retaliation and her subsequent termination violated the Memorandum of Understanding between the Postal Service and the American Postal Workers

---

[2] Because the Complaint repeats paragraph numbers, sometimes on the same page, this letter opinion cites to both the section heading and paragraph number.

[3] The Postal Service offered Plaintiff a bulk mail position in West Caldwell, NJ, but she declined the position because it required additional testing and would have cost her 26 years of seniority. (Compl. ¶ 61 (Statement of Facts).)

2

Union, which guarantees that a senior bidder may return to her prior assignment if she does not qualify for a position. (*Id.* ¶¶ 39–42.)

2. Procedural Background

On November 30, 2011, Plaintiff filed a formal complaint with the EEOC, alleging age discrimination, retaliation, and race discrimination related to the events that allegedly occurred in 2011. (D.E. 12-4 at 4.)[4] The EEOC rejected Plaintiff's appeal from the final agency decision denying that claim on June 24, 2013, and notified her of her right to sue in District Court within 90 days of receipt. (*Id.* at 8.) On August 9, 2013, Plaintiff filed a second formal complaint with the EEOC, raising a single retaliation claim based upon her earlier EEOC complaint. (*Id.* at 12.) Plaintiff alleges that this complaint resulted in a non-final decision dated October 2018.[5] (Compl. ¶ 69 (Statement of Facts).)

Plaintiff filed the instant lawsuit on March 28, 2019, asserting ten claims, including: (1) breach of contract (Count I); (2) violations of Title VII of the Civil Rights Act by way of retaliation (Count II), disparate treatment (Count IV), and a hostile work environment (Count VI); (3) violation of the Age Discrimination Employment Act ("ADEA") (Count V); and (4) violation of 42 U.S.C. § 1981 of the Civil Rights Act.[6] Defendants filed the instant motion on July 3, 2019, Plaintiff filed her opposition on September 27, 2019, and Defendants filed their reply on October 10, 2019. (D.E. 12, 16, 21.)

B. Standard of Review

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court." *Id.* at 358. "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

On a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v.*

---

[4] As D.E. 12-4 contains multiple documents, pin cites refer to ECF page numbers. The Court considers the EEOC complaints and decision contained in D.E. 12-4 because Plaintiff relies on them in her Complaint and neither side disputes their authenticity. *See Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013).

[5] Plaintiff claims, and defendant does not dispute, that a final agency action never issued from Plaintiff's 2013 EEOC complaint. (Compl. ¶ 69 (Statement of Facts), D.E. 16 at 29; *see* D.E. 12-1 at 32 n.8, D.E. 21 at 11–12.)

[6] In her opposition brief, Plaintiff withdrew four of her ten claims: (1) violation of the N.J. Conscientious Employee's Protection Act (Count III); (2) intentional infliction of emotional distress (Count VII); (3) negligent infliction of emotional distress (Count VIII); and (4) civil conspiracy (Count X). (D.E. 16 at 18, 26, 28.)

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    C. Analysis

        1. Breach of Contract (Count I)

Plaintiff alleges that she was wrongfully terminated, in breach of the collective bargaining agreement that applied to her. (Compl. ¶¶ 2–11 (Count I).) To state a claim that the Postal Service breached a collective bargaining agreement, an employee must bring a "hybrid" claim alleging that: (1) the employer breached the collective bargaining agreement; *and* (2) the union breached its duty of fair representation. *See* 39 U.S.C. § 1208(b); *Treusch v. Center Square Supermarket, LLC*, 921 F. Supp. 2d 336, 344 (D.N.J. 2013) (explaining that federal statutes preempt state law contract claims arising out of breaches of collective bargaining agreements).[7] Both elements must be alleged, even where the union is not named as a defendant. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983). Here, Plaintiff fails to allege any facts that suggest her union breached its duty of fair representation. Count I must therefore be dismissed. *See Punchios v. Owens Brockway*, Civ. No. 07-865, 2008 WL 731197, at *3 (W.D. Pa. Mar. 17, 2008).

        2. Title VII (Counts II, IV, and VI)[8]

*Retaliation (Count II)*

To plead a prima facie claim of retaliation in violation of Title VII, a plaintiff "must demonstrate that: (1) [she] engaged in conduct protected by Title VII; (2) the employer took adverse action against [her]; and (3) a causal link exists between [the] protected conduct and the employer's adverse action." *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994) (alterations in original) (internal quotation marks and citation omitted).

Here, Plaintiff claims that she was retaliated against for engaging in protected conduct, specifically (1) complaining to the Postmaster and elected officials and (2) filing the 2011 EEOC complaint. (Compl. ¶ 13 (Count II).) However, Plaintiff does not allege facts sufficient to infer that her complaints to the Postmaster and elected officials constituted conduct protected by Title

---

[7] "Although 39 U.S.C. § 1208(b) grants federal courts jurisdiction over disputes arising under collective bargaining agreements executed by the Postal Service, § 1208(b) is the analogue to section 301(a) of the Labor Management Relations Act, and the law under § 301 is fully applicable to suits brought under § 1208(b)." *Houser v. Postmaster Gen. of U.S.*, 573 F. App'x 141, 142 n.2. (3d Cir. 2014) (internal citation and some punctuation omitted).

[8] Plaintiff's opposition brief contains many factual allegations not contained in her Complaint, which the Court will disregard in deciding this motion. "Plaintiff[] cannot add factual allegations in Opposition; the mechanism for curing pleading deficiencies is to file an amended complaint," which this Court will give Plaintiff leave to do. *Crozier v. Johnson & Johnson Consumer Cos., Inc.*, 901 F. Supp. 2d 494, 501 (D.N.J. 2012).

4

VII. For example, there is no allegation that these complaints alleged discrimination based on race or any other characteristic protected by Title VII.

With respect to the filing of the 2011 EEOC complaint, assuming it was protected by Title VII, Plaintiff does not allege facts sufficient to infer a causal link between the EEOC complaint and the alleged retaliatory acts. The Complaint links Mr. Hrinuk's and Ms. Smith's alleged threats only to Plaintiff's complaint to the Postmaster. (*See* Compl. ¶¶ 28, 31, 62 (Statement of Facts).) Nor does the Complaint contain facts sufficient to allege a causal link between Plaintiff's EEOC complaint and her termination. The Complaint is silent as to who decided to terminate Plaintiff and whether they were aware of Plaintiff's protected conduct. Count II is therefore dismissed.

*Disparate Treatment (Count IV)*

A prima facie case of Title VII disparate treatment requires a plaintiff to show that "(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) [] circumstances [exist] that raise an inference of discriminatory action." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted).

The Complaint alleges that Defendants "discriminated against Plaintiff by treating her differently from and less preferably than similarly situated white employees in the USPO by subjecting her to discriminatory petitions, threats, termination, subjection to disciplinary procedure, disparate pay, disparate terms and conditions of employment, harassment, hostile work environments, and other forms of discrimination." (Compl. ¶ 23 (Count IV).) However, Plaintiff fails to allege circumstances that raise an inference of discriminatory action on the basis of race. Although the Complaint states that four other employees also failed the same test but were not terminated, it does not state their races. (Compl. ¶ 38 (Statement of Facts).) Nor does Plaintiff allege any facts regarding the preferable treatment given to non-African-American employees.

With respect to the petition against Plaintiff signed by only white and Indian employees, (*id.* ¶¶ 64–65), Plaintiff offers no factual allegations regarding the content of the petition or linking its circulation to any individuals with supervisory authority over her. Without such allegations, the Court cannot infer that the petition constituted an "adverse employment action," altering Plaintiff's "compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (quoting 42 U.S.C. § 2000e–2(a)(1)). Count IV must therefore be dismissed.

*Hostile Work Environment (Count VI)*

To plead a hostile work environment claim, "a plaintiff must show that 1) the employee suffered intentional discrimination because of his/her [protected characteristic], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and

5) the existence of *respondeat superior* liability" on the part of the employer. *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (citation omitted).

Plaintiff's allegations in support of her hostile work environment claim are substantively identical to her allegations in support of her disparate treatment claim, and they are insufficient for the same reasons. As discussed above, there are no factual allegations supporting an inference that Defendants intentionally discriminated against Plaintiff on the basis of her race or another protected characteristic. Count VI must therefore be dismissed.

### 3. Violation of ADEA (Count V)

The ADEA, 29 U.S.C. §§ 621–34, employs the *McDonnell Douglas* burden-shifting analysis, under which "the plaintiff bears the burden of proof and the initial burden of production, having to demonstrate a prima facie case of [age] discrimination by showing first, that the plaintiff is forty years of age or older; second, that the defendant took an adverse employment action against the plaintiff; third, that the plaintiff was qualified for the position in question; and fourth, that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)) (other citations omitted).

Here, Plaintiff alleges that she is over forty, that she was generally treated differently than younger employees with respect to alleged threats, termination, disciplinary procedure, pay, and terms and conditions of her employment, and that younger workers who failed the same test were not terminated. (Compl. ¶¶ 31–32 (Count V).) However, the Complaint does not allege that Plaintiff was replaced in her position with a younger employee. Nor does it allege that Plaintiff was qualified for the position she sought, or that the position she sought was eventually filled by a sufficiently younger employee. Without these facts, the Court cannot infer that Plaintiff's age was the cause of her termination or any other adverse action. Count V is therefore dismissed.[9]

### 4. Violation of 42 U.S.C. § 1981 (Count IX)

Plaintiff alleges that Defendants' racial discrimination violated her civil rights pursuant to 42 U.S.C. § 1981 (Compl. ¶¶ 57–61 (Count IX).) However, § 1981 claims do not apply to federal defendants. *See* 42 U.S.C. § 1981(c) ("The rights protected by this section are protected against … impairment under color of *State* law." (emphasis added)); *U.S. ex rel. Moore v. Koelzer*, 457

---

[9] The Court notes that Plaintiff's Title VII disparate treatment, Title VII hostile work environment, and ADEA claims (Counts IV–VI) are time-barred as these allegations were raised in her 2011 EEOC complaint, which received a final agency action and notice of right-to-sue on June 20, 2013. *See* 42 U.S.C. § 2000e-5(f)(1); *Wilson v. Potter*, 159 F. App'x 415, 417 (3d Cir. 2005) ("A Title VII complaint must be filed in the District Court within 90 days of the complainant's receipt of a right-to-sue letter from the EEOC."). This 90-day limit is "strictly construed," absent some basis for equitable tolling. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469–70 (3d Cir. 2001). If such a basis exists, Plaintiff should plead it with sufficient facts in her amended complaint. Plaintiff's Title VII retaliation claim (Count II) is not similarly time-barred because it was raised in Plaintiff's 2013 EEOC complaint, which has not resulted in a final agency action and right-to-sue letter from the EEOC.

F.2d 892, 893 (3d Cir. 1972) ("[A] cause of action for damages does not accrue under 42 U.S.C. §§ 1981 et seq. for an alleged violation of the Act by federal officers acting under color of federal law."). Because the United States has not waived sovereign immunity with respect to § 1981 claims, Count IX must be dismissed with prejudice for lack of subject matter jurisdiction.[10] *See Boseki v. N. Arlington Municipality*, Civ. No. 13-2652, 2014 WL 5361744, at *3 (D.N.J. Oct. 21, 2014).

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) is **GRANTED**.[11] Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

                                                                           /s/ Susan D. Wigenton
                                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

---

[10] In her opposition brief, Plaintiff raises *Bivens* claims for the first time, in lieu of her § 1981 claims. (D.E. 16 at 27–28.) The Court will not address these claims as they were not asserted in the Complaint. Plaintiff may assert them in her amended complaint, but the Court questions whether *Bivens* claims can succeed in the employment context, where Title VII applies instead. *See González v. Vélez*, 864 F.3d 45, 54–55 (1st Cir. 2017) (applying *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)). Such claims are also likely barred by New Jersey's two-year statute of limitations. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009); N.J.S.A. § 2A:14-2.

[11] The Court dismisses with prejudice all claims asserted against Fred Hrinuk, Martin Israel, Emilio Milito, Deborah Smith, and Anthony Merlino as Title VII and ADEA suits are not permitted against individual supervisors in their official or individual capacities. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996); *Rich v. New Jersey*, Civ. No. 14-2075, 2015 WL 2226029, at *10–11 (D.N.J. May 12, 2015); *Mann v. Estate of Meyers*, 61 F. Supp. 3d 508, 528 (D.N.J. 2014). "[T]he only proper defendant in a federal employee's Title VII action is the head of the appropriate agency," *Wadhwa v. Sec'y, Dep't of Veterans Affairs*, 505 F. App'x 209, 213 (3d Cir. 2012), and the same is true in an ADEA action, *see Mann*, 61 F. Supp. 3d at 527 (citations omitted).