<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET GRANT,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES POST OFFICE, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 19-9107 (SDW) (LDW)<br><br>**OPINION**<br><br>September 26, 2022 |

**WIGENTON**, District Judge.

　　Before this Court is Defendants United States Post Office and Post Master General's (collectively, "Defendants")[1] Motion to Dismiss (D.E. 59) Plaintiff Margaret Grant's ("Plaintiff") Second Amended Complaint (D.E. 57 ("SAC")) for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Subject matter jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331 and 1391, respectively. This opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

　　Plaintiff was employed by the United States Postal Service ("USPS") in New Jersey for over 26 years until her termination in 2013. (SAC ¶ 1–2, 27.)[2] In 2010, USPS closed its West

---

[1] Defendants United States Post Office and Post Master General are hereinafter referred to as United States Postal Service and Postmaster General, respectively.

[2] This Opinion's paragraph citations to the SAC, which repeats paragraph numbers, refer to the Parties and Statement of Facts sections on pages 1–6. As the SAC is unpaginated, page citations refer to ECF page numbers.

Jersey Processing & Distribution Center, where Plaintiff worked at the time, eliminating Plaintiff's position. (*See id.* ¶ 13.) Accordingly, pursuant to the applicable collective bargaining agreement, she and other employees became "unassigned regulars" who were permitted a limited time to voluntarily bid for a lower-level duty assignment or otherwise allowed to bid on assignments to the same or higher-level salary, as available. (*Id*. ¶¶ 13–14.) Reassignment to positions at the same or higher salary was afforded to employees based on their seniority as well as their qualifications for the requirements of the position. (*Id*. ¶ 14.)

Plaintiff was initially reassigned to an unidentified position in Rahway for 120 days, and then bid on a Bulk Mail position in Rahway but did not pass the qualifying exam required for that position. (*Id*. ¶ 15–17.) Despite failing that exam, she was entitled to be returned to her prior position or reassigned to other positions, and there were other positions available for which she was qualified. (*Id*. ¶¶ 18–21.) However, she was not returned to her position or reassigned. The position Plaintiff had previously occupied was filled by a new employee, and other vacant positions were filled by new employees or employees who had not engaged in protected activity. (*Id*. ¶¶ 19–23.) The American Postal Workers Union filed a grievance regarding the failure to reassign Plaintiff, which management denied. (*Id*. at 24.) Then the matter of Plaintiff's job assignment was submitted to arbitration, and the arbitrator ordered that Plaintiff be granted another opportunity to take the qualifying exam she had failed. (*Id*. ¶ 25.) Plaintiff was terminated in 2013, ostensibly because she failed the exam. (*Id*. ¶ 27.)

Meanwhile, in November 2011, Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), Case No. 4B-070-0257-11, alleging, *inter alia*, discrimination on the basis of her race, color, national origin, and age, and retaliation for a prior EEOC complaint. (*See* SAC ¶ 10; D.E. 59-2, Declaration of Tanai Lee, USPS Paralegal ("Lee

Decl.") at Ex. C ("2011 EEOC Complaint").)[3]  On November 28, 2012, an administrative judge ("AJ") ruled in favor of USPS, finding that the agency had "articulated a legitimate, nondiscriminatory reason" for Plaintiff's removal, namely her failure to meet the skill requirements of the position.  (Lee Decl. at Ex. D (EEOC Decision, Case No. 4B-070-0257-11), at 7–8.)  The AJ also found no evidence of retaliation or discrimination.  (*See id.*)  On December 27, 2012, the USPS issued a Notice of Final Action implementing the AJ's decision, and the EEOC affirmed the agency's final action on June 20, 2013.  (Lee Decl. at Exs. E, F.)

On August 7, 2013, Plaintiff filed another EEOC complaint, Case No. 4B-070-0124-13, alleging retaliation for her 2011 EEOC Complaint.  (*See* SAC ¶ 28; Lee Decl. at Ex. H ("2013 EEOC Complaint").)  Specifically, Plaintiff alleged that USPS unlawfully retaliated against her (i) in the manner that it provided Exam 425 on April 26, 2013; (ii) by failing to give her a tutorial before the exam; and (iii) by terminating her after she failed the exam.  (*See* Lee Decl. at Ex. G (EEOC Decision, Case No. 4B-070-0124-13) at 4–5.)  On January 10, 2018, an AJ ruled in favor of USPS, finding that the agency's actions were motivated by "legitimate business reasons" and not Plaintiff's previous protected activity.  (*Id.* at 27–28.)  However, the AJ's Order Entering Judgment was not received by USPS until November 28, 2018, (Lee Decl. at Ex. I), and no Notice of Final Action was issued.  (*See* SAC ¶ 30.)

In addition, at some unidentified time, Plaintiff complained to the Postmaster General, several elected government officials, and the EEOC that she was being retaliated against for filing complaints with the EEOC.  (*Id.* ¶ 10.)  In May 2011, Nancy Greene, from the office of Northeast

---

[3] With respect to the referenced documents contained in the Lee Declaration (D.E. 59-2), this Court may consider Plaintiff's EEOC complaints and decisions on a Rule 12(b)(6) motion because they are integral to her Amended Complaint and neither side disputes their authenticity.  *See Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 772 (3d Cir. 2013); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001).

3

New Jersey District Manager Fred Hrinuk, told Plaintiff to "stop her letter campaign" to the Postmaster General. (*Id.* ¶ 11.) Mr. Hrinuk was aware of her 2011 EEOC complaint and her complaints to the Postmaster General, and he participated in the decision to terminate her in 2013. (*Id.* ¶ 12.)

Plaintiff filed this lawsuit on March 28, 2019, asserting ten claims against various defendants, including USPS employees. (D.E. 1.) On the defendants' motion, this Court dismissed the claims against the individual defendants with prejudice and allowed Plaintiff an opportunity to amend her complaint. (D.E. 22 at 7.) Plaintiff filed an amended complaint on March 13, 2020, asserting five counts against Defendants including retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (D.E. 27 at 10–11.) Magistrate Judge Leda D. Wettre administratively terminated this action when Plaintiff filed for bankruptcy, pending resolution of her legal representation, and restored the matter to the Court's active docket on March 24, 2021. (D.E. 39, 48.) This Court then granted Defendants' motion to dismiss the amended complaint and afforded Plaintiff one final opportunity to amend her complaint. (D.E. 49, 52, 53.) Plaintiff filed a second amended complaint on February 12, 2022, asserting one claim: a violation of Title VII by way of retaliation. (D.E. 57.) Defendants filed the instant motion to dismiss, and briefing was timely completed. (D.E. 59, 62, 65.)

**II.     LEGAL STANDARD**

An adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim for relief must be "plausible" and a

4

complaint will not survive a motion to dismiss if the "well-pleaded facts do not permit the court to infer more than the mere possibility" of defendant's liability.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (noting that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

**III.   DISCUSSION**

To state a *prima facie* claim of retaliation in violation of Title VII, "a plaintiff must demonstrate that: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action."   *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994) (brackets and quotation marks omitted).  To establish a causal link at the *prima facie* stage, a plaintiff is not required to establish but-for causation but "must introduce evidence about the scope and nature of conduct and circumstances that could support the inference of a causal connection between the protected activity and adverse action."  *Young v. City of Philadelphia Police Dep't*, 651 F. App'x 90, 95–97 (3d Cir. 2016) (quotation marks omitted).  For example, retaliation might be inferred by

5

"very close temporal proximity between the adverse action and the protected activity" or by evidence of "intervening antagonism or retaliatory animus, [or] inconsistencies in the employer's articulated reasons for terminating the employee." *Id*. at 96 (quotation marks omitted).

Plaintiff asserts that she was terminated in violation of Title VII for engaging in protected activity and not, as USPS contended, for her failure to pass a qualifying exam. (SAC at 6 ("First Count")).[4] She alleges that USPS management retaliated against her for her complaints to the EEOC, the Postmaster General, and others by terminating her based on her failure to pass an exam when no other employee has ever been terminated for that reason, failing to honor the collective bargaining agreement, and not returning her to her prior position or reassigning her to another. (SAC ¶ 29.) She also alleges that they retaliated by lying about job availability, making threatening calls to her, and passing around a petition in favor of her termination, but these incidents are not described with any detail in the SAC. (*Id*.)

Once again, Plaintiff has sufficiently pled the first and second elements of a *prima facie* retaliation claim but failed to sufficiently plead the third necessary element. *See Young*, 651 F. App'x at 97 (stating that the filing of an EEOC complaint is "the quintessential protected activity" for Title VII purposes); *Jones v. Southeastern Pa. Transp. Auth.*, 796 F.3d 323, 326–27 (3d Cir. 2015) (noting that termination or "firing" is an adverse employment action under Title VII). Plaintiff remained employed by USPS for approximately two years after she engaged in the principal protected activity she alleges—the filing of her 2011 EEOC Complaint—so there is no

---

[4] This Court considers only the factual allegations in the SAC and disregards any new factual allegations in Plaintiff's opposition brief or the numerous exhibits attached to the opposition brief which were not attached to the SAC. Once again, "Plaintiffs cannot add factual allegations in Opposition; the mechanism for curing pleading deficiencies is to file an amended complaint," and Plaintiff has now had three opportunities to state a claim so no further amendment will be permitted. *Crozier v. Johnson & Johnson Consumer Cos., Inc.*, 901 F. Supp. 2d 494, 501 (D.N.J. 2012). This Court explicitly directed Plaintiff's counsel to include any necessary factual allegations and exhibits with the Second Amended Complaint and *not* opposition papers. (D.E. 52 at 7 n.4.)

temporal inference of retaliation. *See Young*, 651 F. App'x at 98 (collecting cases). Plaintiff's allegation that other unassigned regulars failed qualifying exams without being terminated might support an inference of retaliation if she demonstrated that those employees were similarly situated, but she has not done so despite having multiple opportunities to amend her complaint. (*See* SAC ¶ 22.) The SAC does not state whether these other employees took the same exam, what their qualifications were for other vacant positions as compared to Plaintiff, or whether the positions they took were at a lower or higher-range salary. Plaintiff's allegations that her termination violated the collective bargaining agreement might infer that she was terminated for some other reason—perhaps a retaliatory reason—but the portions of that agreement excerpted in the SAC do not support Plaintiff's allegation that USPS was forbidden from terminating her. (SAC ¶¶ 13–14.) And Plaintiff has not sufficiently alleged any other conduct by Defendants or their employees suggesting that they terminated her in 2013 because of her EEOC complaints.

In short, Plaintiff's conclusory allegations of a causal link are insufficient to state a *prima facie* claim of retaliation in violation of Title VII and the Second Amended Complaint will be dismissed with prejudice pursuant to Rule 12(b)(6).

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** and the Second Amended Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                                    /s/ Susan D. Wigenton  
                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk  
cc:     Parties  
        Leda D. Wettre, U.S.M.J.